**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————

**No. 04-6318**

————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KATO HAINESWORTH,

Defendant - Appellant.

————————

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.  Richard L. Williams, Senior
District Judge.  (CR-98-30)

————————

Submitted:  June 18, 2004          Decided:  July 16, 2004

————————

Before LUTTIG, MICHAEL, and MOTZ, Circuit Judges.

————————

Dismissed by unpublished per curiam opinion.

————————

Kato Hainesworth, Appellant Pro Se.  S. David Schiller, OFFICE OF
THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

————————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Kato Hainesworth appeals the order of the district court dismissing for lack of jurisdiction Hainesworth's motion filed under Fed. R. Civ. P. 60(b) but characterized by the district court as a successive 28 U.S.C. § 2255 (2000) motion.

Hainesworth may not appeal from the denial of relief in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability. See 28 U.S.C. § 2253(c)(1) (2000). Hainesworth may satisfy this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir.), cert. denied, 534 U.S. 941 (2001). We have reviewed the record and determine that Hainesworth's self-styled Motion under Rule 60(b) is, in substance, a second motion attacking his conviction and sentence under 28 U.S.C. § 2255 (2000). See United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003). We therefore treat Hainesworth's notice of appeal and appellate brief as a request for authorization from this court to file a second § 2255 motion. See id. at 208. This court may authorize a second or successive § 2255 motion only if the applicant can show that his claims are based on (1) a new rule of constitutional law, made retroactive to cases on collateral

review by the Supreme Court, that was previously unavailable; or (2) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense. See 28 U.S.C. §§ 2244(b)(2), 2255. The applicant bears the burden of making a prima facie showing of these requirements in his application. See In re Fowlkes, 326 F.3d 542, 543 (4th Cir. 2003). In the absence of pre-filing authorization, the district court is without jurisdiction to entertain the motion. Evans v. Smith, 220 F.3d 306, 325 (4th Cir. 2000).

After reviewing Hainesworth's motion and the record in this matter, we conclude that it does not meet the applicable standard. We therefore deny Hainesworth's request for a certificate of appealability and dismiss the appeal. We further deny Hainesworth's implied request for authorization to file a second or successive § 2255 motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED